**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4120**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL JOSEPH MOFFITT,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00179)

———————

Submitted:  May 31, 2007          Decided:  June 6, 2007

———————

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina; Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel J. Moffitt appeals from his 110-month sentence following his guilty plea to possession of a firearm by a person previously convicted of a felony. Moffitt's attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that the sentence was unreasonable in light of Moffitt's health issues. Moffitt filed motion to strike the <u>Anders</u> brief and a pro se supplemental brief in which he challenges the increase in his offense level for possession of the firearm in connection with another felony offense, USSG § 2K2.1(b)(5).[*] Our review of the record discloses no reversible error; accordingly, we deny Moffitt's motion to strike the <u>Anders</u> brief, and affirm Moffitt's conviction and sentence.

We find that Moffitt's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Moffitt was properly advised of his rights, the offense charged, and the mandatory minimum and maximum sentences for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 119-20 (4th Cir. 1991).

Moffitt argues that the sentence is unreasonable because the district court increased his offense level by four for

---

[*]<u>U.S. Sentencing Guidelines Manual</u> § 2K2.1(b)(5) (2005).

possession of the firearm in connection with another felony offense, which he contends is prohibited by Amendment 599 of the Guidelines, which became effective in November 2000, and prohibits application of the increase where the defendant is also convicted of the other felony offense. Because Moffitt pled guilty and was convicted only of the possession of a firearm charge, Amendment 599 is inapplicable.

Counsel challenges the reasonableness of the sentence in light of Moffitt's chronic back pain and the existence of a lump in Moffitt's throat, which he asserts may become cancerous. We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 110-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed—which was at the lowest point in the properly calculated guideline range—was reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2309 (2006). Accordingly, we affirm Moffitt's sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore deny Moffitt's motion to strike the brief filed by counsel and affirm

Moffitt's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED